PULSE ET AL. *v.* BOARD OF COMMISSIONERS OF COUNTY OF DECATUR, INDIANA, ET AL.

[No. 25,681. Filed November 20, 1928.]

*Edgar E. Hite, Hugh D. Wickens* and *Frank Hamilton,* for appellants.

*Thomas E. Davidson,* for appellees.

PER CURIAM.—This is an appeal from a judgment of the Decatur Circuit Court, dismissing the appeal of appellants from an order of the board of commissioners of Decatur County, disallowing a claim of appellants for work alleged to have been performed under contract in addition to their original contract for the construction of the George B. Davis et al. Highway in Washington Township, in Decatur County.

The record shows the following facts: Appellants entered into a contract with the appellee board on April 7, 1913, to construct said highway, pursuant to the provisions of the "Three Mile Road Law," in accordance with certain plans and specifications. The proposal of the appellants to construct the improvement contained the following provision: "We propose to permit the commissioners to add to or deduct from the lineal foot of sewer at the following prices: 15-inch pipe at 77c per lineal foot, 12-inch pipe at 65½c per lineal foot, 9-inch pipe at 49½c per lineal foot; manholes, each $29.70, catch basins each $16.50." The contract for said improvement provided that the proposal of the contractors should be made a part of the contract. During the construction of the work, certain changes were made

in the plans and specifications by order of the board. The contract provided that the contract price was to be paid out of the proceeds of the bonds of the county, to be issued under the provisions of the law now in force, and not otherwise.

On December 1, 1913, appellants filed their claim with the appellee board, alleging a balance due on their original contract and for extra work, alleging the completion of the road in accordance with the contract and plans and specifications, and asking the allowance of said claim. And at a regular session of the board on January 6, 1914, the board made the following order as to said claim: "The contractors, Pulse and Porter, having filed a bill for more than the contract price, and for more extras than the board had ordered done, the board after due consideration decide that they can pay no more money than is available. They decide to pay the contractors the balance of the available money and do hereby make an order that the auditor pay the contractors the sum of six hundred eighty dollars and eighty-two cents ($680.82)—that would still leave a balance due contractors of $1,358.08, but the commissioners claim that they did not make any order for these extras, also it was understood when the contract was let the contractors would keep within the money available, and the matter is continued."

Thereafter, at the regular session of the board February 5, 1917, appellants again filed their petition praying for the acceptance of the road, to issue bonds and allow claim. Afterward, it was adjudged in the Rush Circuit Court that said highway was completed according to the contract, plans and specifications; and that was the only issue tried and determined by that court.

On October 3, 1921, after it was adjudged that the improvement was completed, said claim of appellants for $1,358.08 was disallowed. From this disallowance, an

appeal was taken to the circuit court. There the defendant filed a motion to dismiss the appeal for the following reasons: "That the transcript of the proceedings before said board of commissioners of Decatur County shows affirmatively that the special fund created from the sale of bonds for the construction of the highway improvement out of which said alleged claim arises has been entirely exhausted. Said transcript further shows that the special fund derived from the sale of bonds issued for the construction of the highway out of which plaintiff's alleged claim arises was exhausted before said claim was filed with said Board." The court sustained this motion and dismissed the appeal.

The only judgment of the board of commissioners on which an appeal was taken was the disallowance of appellants' claim. The record made by the board of commissioners on January 6, 1914, stated that, after payment was made of $680.82, "that would still leave a balance due contractors of $1,358.08, . . . and the matter is continued." The claim of appellants was not disallowed at that time. In one petition filed with the board, the contractors asked that additional bonds be issued to pay their claim. That question was not before the circuit court.

In proceedings to improve highways by taxation, it has been held that the board of commissioners acts as the agent of the taxpayers within the taxing district. It is not contended that this claim was not properly filed. From the record, it appears that the board of commissioners had the contractors to do additional work. The fact that the fund derived from the sale of bonds to pay the original contract price has been exhausted should not deprive appellants from having a hearing on their claim in the circuit court, if they have a legal claim. A demurrer to the claim was filed in the circuit court, but no ruling was made on it,

so the legality of the claim has not been determined. The causes stated in the motion for the dismissal of the appeal of the contractors in the circuit court were not sufficient to warrant that action being taken.

The judgment dismissing the appeal is reversed. And it is ordered that the cause be reinstated in the Decatur Circuit Court, that the motion to dismiss the appeal be overruled and for further proceedings.

Myers, C. J., not participating.